UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
JUL 17 2008
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50091-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BENJAMIN HIGH HORSE, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant is charged with one count of aggravated sexual abuse. On July 16, 2007, during an interview with law enforcement officials, defendant was given a polygraph examination by Agent Eric Johnson (Johnson). After being informed that he had failed the test, defendant made incriminating statements.

Defendant has filed a motion to suppress all post-polygraph statements on the basis that such statements were not made voluntarily. Docket #46. Specifically, defendant contends that Johnson was being deceptive when he told defendant that he had failed the polygraph examination, and that such deception on the part of law enforcement renders defendant's post-polygraph statements involuntary and therefore inadmissible. Defendant contends that he passed the polygraph examination, and defendant has procured an expert polygraph witness who will testify to that effect. A hearing on defendant's motion to suppress is set for August 15, 2008, before the magistrate judge.

Defendant has also filed a motion for discovery. Docket #43. Specifically, defendant seeks an order from this Court directing the government to disclose "[i]nformation produced at the time of or generated subsequent to the polygraph examination and interrogation of [d]efendant . . . including copies of all test score sheets/reports and quality control sheets; [and] all notes and worksheets made before, during, and following the polygraph and interview by Agent Eric Johnson." Id. The government has already provided the actual chart produced by the polygraph device while registering defendant's physiological responses to questions. However, defendant believes that these additional materials are necessary to fully develop the issue of whether or not Johnson was deceptive in saying that defendant failed the test.

As a starting point for analysis, the Court notes that "[c]riminal defendants do not have a general constitutional right to discovery." United States v. Johnson, 228 F.3d 920, 924 (8th Cir. 2000). "Due process requires merely that the government disclose all material or potentially exculpatory evidence before the trial ends." United States v. Altman, 507 F.3d 678, 680 (8th Cir. 2007). "In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." Johnson, 228 F.3d at 924.

In support of this discovery motion, defendant relies heavily upon the case of United States v. Jimenez, 478 F.3d 929 (8th Cir. 2007). In Jimenez, the Eighth Circuit reiterated the well-settled rule that "[a] statement is not voluntary if the totality of the circumstances shows the defendant's will was overborne. . . ." Id. at 932. The Jimenez

court further stated that "voluntary statements must not be the result of deception, intimidation, or coercion of the person giving the statement." Id. at 933. Defendant interprets this case to mean that law enforcement deception is a factor impacting on the voluntariness of a defendant's statements. Defendant is correct that deception is a factor, but it is not the *only* factor. Rather, the proper analysis requires the Court to examine the totality of the circumstances, and "a raised voice, deception, or a sympathetic attitude on the part of the interrogator will not render a confession involuntary unless the overall impact of the interrogation caused the defendant's will to be overborne." United States v. Martin, 369 F.3d 1046, 1055 (8th Cir. 2004).

The government denies that Johnson was deceptive. Johnson maintains his opinion that defendant failed the polygraph, and Johnson's conclusion was supported by F.B.I. polygraph analysts. But even if Johnson *was* being deceptive, such deception, when viewed in the totality of the circumstances, would not render defendant's statements involuntary. Defendant complains of no aspect of the interrogation other than the alleged deception on the part of law enforcement. However, Johnson's statement that defendant had failed the test, truthful or not, is not a sufficient basis, standing alone, to satisfy the overborne-will element that is required in finding of involuntariness. This, coupled with the general rule limiting the scope of discovery for criminal defendants, compels the Court to deny defendant's motion to compel discovery.

As for defendant's request for the notes produced by Johnson during and after the polygraph examination, under United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir.

2004), "[p]roviding typewritten reports of interviews satisfie[s] the Jencks Act unless the handwritten notes materially departed from the typewritten reports in substance or there was bad faith on the Government's part." According to the government, Johnson produced an extensive report of both the polygraph examination and the post-test interview. Furthermore, there is no allegation of bad faith on the part of the government. As a result, Johnson's report satisfies the requirements from Greatwalker, and defendant is not entitled to discovery of any hand-written notes.

The government is, of course, required to disclose all material and exculpatory evidence pursuant to Brady and Giglio. Beyond that, however, the government is not required to disclose any of the materials sought by defendant in this motion to compel discovery. Accordingly, it is hereby

ORDERED that defendant's motion to compel discovery (Docket #43) is denied.

Dated this 17th day of July, 2008.

BY THE COURT:

_____
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

4